**MAYER, Appellee,**

v.

**BRISTOW, Appellant.**

[Cite as *Mayer v. Bristow* (2001), 144 Ohio App.3d 84.]

Court of Appeals of Ohio,
Third District, Crawford County.

No. 3-01-04.

Decided June 19, 2001.

*Betty D. Montgomery,* Attorney General, *Mark Landes* and *Terri B. Gregori,* Assistant Attorneys General, for appellee.

*Lonny Lee Bristow, pro se.*

Thomas F. Bryant, Judge.

This appeal is taken by defendant-appellant Lonny Lee Bristow from the judgment entered by the Court of Common Pleas of Crawford County ordering "every piece" of Lonny Lee Bristow's mail to be forwarded to the Honorable Nelfred G. Kimerline of the Crawford County Court of Common Pleas to be opened pursuant to *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, and R.C. 2323.52.

The facts and procedural history relating to this case are extensive. In the interests of brevity only the facts essential to entry of judgment on this appeal will be included in this opinion.

On June 1, 1998, the trial court determined that Lonny Lee Bristow was a vexatious litigator as defined by R.C. 2323.52(A)(3), and ordered that Bristow be prohibited from doing all of the following without first obtaining leave of court to proceed:

"(a) Instituting legal proceedings in the court of claims or in a court of common pleas, municipal court or county court;

"(b) Continuing any legal proceedings that the defendant had instituted in the court of claims or in a court of common pleas, municipal court, or county court prior to entry of this order; and

"(c) Making any application, other than an application for leave to proceed under Ohio Revised Code Section 2323.52(F), in any legal proceedings instituted by the defendant or another person in the court of claims or in a court of common pleas, municipal court, or county court."

Less than a month later the trial court found Bristow to be in violation of the foregoing order and ordered that Bristow "not have mail privileges at any state institution wherein he may be housed." This order was subsequently modified in a judgment entry dated August 20, 1998, which states:

"It is further ORDERED that any mail from Lonny Lee Bristow that is addressed to any court other than to Judge Nelfred G. Kimerline, as stated above, shall be forward[ed] to this Court for a determination as to its disposition."

Bristow challenged this August 20, 1998 order on appeal. This court *sua sponte* held that "the procedure established by R.C. 2323.52, the vexatious litigator statute, fails to provide a reasonable and meaningful substitute for direct access to Ohio's trial courts. We therefore determine that the statute is unconstitutional in its entirety as violative of Ohio Const.[,] Art. I[,] Sec. 16." *Mayer v. Bristow* (Nov. 24, 1999), Crawford App. No 3–98–29, unreported, 1999 WL 1072699.

On December 29, 2000, the Supreme Court of Ohio reversed this court's order in part and affirmed it in part. *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 740 N.E.2d 656. More specifically, the Supreme Court of Ohio found R.C. 2323.52 to be constitutional in its entirety but found that the trial court exceeded its authority in the judgment entry dated August 20, 1998, and thus remanded the case for further proceedings in accordance with its opinion. The syllabus states:

"1. R.C. 2323.52, the vexatious litigator statute, is constitutional in its entirety.

"2. R.C. 2323.52 grants authority to the court of common pleas to order a vexatious litigator to obtain its leave before proceeding in the Court of Claims, a court of common pleas, municipal court, or county court. A court of common pleas has no authority under R.C. 2323.52, or pursuant to its own inherent powers to prevent abuse of the judicial process, to restrict activities of a vexatious litigator in courts other than these specifically enumerated Ohio trial courts." *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, at paragraphs one and two of the syllabus.

Attempting to comply with the order of the Supreme Court of Ohio the Court of Common pleas of Crawford County in its judgment entry dated February 2, 2001, ordered:

"It is hereby ORDERED, ADJUDGED and DECREED that the State of Ohio Department of Rehabilitation and Correction ('DRC') forward *every* piece of mail from Lonny Bristow, regardless of the addressee, to the attention of The Honorable Nelfred G. Kimerline of the Crawford County Court of Common Pleas for handling consistent with this Order as prescribed by the Ohio Supreme Court in its Decision dated December 29, 2000." (Emphasis added.)

On appeal from that judgment entry Bristow presents the following five assignments of error:

"1. The trial court committed reversible and prejudicial error in mail going to courts not enumerated in R.C. 2323.52 forwarded to that court.

"2. The trial court committed reversible and prejudicial error in ordering appellant's mail going to attorneys at law forwarded there, violati[ng] the attorney-client relationship and appellant's Sixth Amendment right to counsel and freedom of speech/expression, which invade appellant's right to privacy.

"3. The trial court committed reversible and prejudicial error in ordering appellant's family['s] and friend[s'] mail forwarded there violati[ng] O.A.C. 5120–9–18; freedom of expression; the right to privacy.

"4. The trial court committed reversible and prejudicial error in ordering any of appellant's mail there as it violates the Doctrine of Separation of Powers, except to Ohio's trial courts.

"5. The trial court committed reversible and prejudicial error in ordering appellant's mail there, except to Ohio's trial courts, for it to be opened to look for pleadings that would violate the June 1, 1998 vexatious litigator order or to look for violations of any law, as it violates the right to be free from illegal search and seizure."

Bristow presents several assignments of error on appeal, including several constitutional challenges to the February 2, 2001 order of the Court of Common Pleas of Crawford County; however, because we find that the trial court failed to comply with the December 29, 2000 order of the Supreme Court of Ohio, we do not reach those issues.

In *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 740 N.E.2d 656, the Supreme Court of Ohio specifically found that trial court did not have the authority, either inherently or statutorily, to control the processes and mail of the courts of the entire United States jurisdiction. Accordingly, the Supreme Court ordered that the Court of Common Pleas of Crawford County revisit its order. However, that

court once again has ordered that "every piece" of Bristow's mail "regardless of the addressee" be forwarded to the Crawford County Court of Common Pleas. This is in direct violation of the order of the Supreme Court and thus the order is vacated and remanded for further proceedings in accordance with this opinion.

*Judgment vacated*
*and cause remanded.*

SHAW and HADLEY, JJ., concur.